*E-Filed 11/22/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANGELO ESCALANTE,

          Petitioner,

    v.

S. HUBBARD, and
F. JACQUEZ,

          Respondents.

_____/

No. C 10-1583 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**INTRODUCTION**

    This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition is DENIED.

**BACKGROUND**

    Petitioner seeks relief from a prison disciplinary proceeding that resulted in the forfeiture of 30 days of good time credits, and indeterminate placement in administrative segregation. According to the petition, in 2008, officials at Pelican Bay State Prison found petitioner guilty of promoting gang activity within the prison, and, imposed the consequent punishment of forfeiting good time credits, and placing petitioner in administrative

United States District Court
For the Northern District of California

segregation.  The charges arose from the following incident:  in 2008, a Pelican Bay correctional officer, during a surveillance watch, seized as contraband a list of Northern Hispanic ("NH") gang inmates from the cell of an inmate who was not petitioner.  In addition to the names of NH inmates, the list contained such inmates' inmate numbers, monikers, arrival and release dates, neighborhoods of origin, and dates of birth.  Petitioner's name and other information appeared on this list.  PBSP subsequently charged petitioner with promoting gang activity.  At the resulting disciplinary hearing, correctional officer Hernandez, who has four years of experience in the security squad, testified that when inmates affiliated with the NH gang enter a prison, they fill out a questionnaire for NH affiliates already in the prison with the sort of information found on the contraband roster, information that the gang uses for purposes of background checks and for future assignment selection.  Hernandez also testified that the only method by which the author of the roster could have obtained petitioner's information is by petitioner having provided it to him.  Another correctional officer, Drown, testified that an inmate's name would appear on the list only if he had filled out the questionnaire and was in good standing with the gang.  The hearing officer found petitioner guilty of promoting gang activity based on his supplying his personal information to gang affiliates.  (Ans., Ex. 3.)  Petitioner sought, but was denied, relief on state review.  This federal petition followed.

As grounds for federal habeas relief, petitioner alleges that (1) the guilty verdict for promoting gang activity was not supported by some evidence, in violation of his right to due process; (2) he was not given sufficient notice of the charges against him, in violation of his right to due process; and (3) the testimony of various officials was discriminatory in violation of his right to equal protection.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

United States District Court

For the Northern District of California

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

### I.      Evidentiary Support for the Verdict

Petitioner claims that the prison disciplinary verdict is constitutionally invalid because (A) it is unsupported by the record, and (B) was based on a document not disclosed to petitioner.  (Pet. at 6(a).)  The revocation of good-time credits does not comport with due process unless the findings of the prison disciplinary board are supported by some evidence in the record.  *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985).  There must be some indicia of reliability of the information that forms the basis for prison disciplinary actions.

*See Cato v. Rushen*, 824 F.2d 703, 704–05 (9th Cir. 1987).  Reliability may be established by:  (1) the oath of the investigating officer appearing at the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an *in camera* review of the documentation from which credibility may be assessed.  *See Zimmerlee v. Keeney*, 831 F.2d 183, 186–87 (9th Cir. 1987).  Review of the reliability determination should be deferential.  *Id.*

Petitioner has not shown that the disciplinary decision violated his constitutional rights.  As to (A), the record contains some reliable evidence to support the Board's decision. The roster included information regarding petitioner that was relevant to gang affiliates (e.g., neighborhood of origin and monikers), and this information appeared on a list of NH gang associates.  The reliability of this information was based on the testimony of correctional officers, who asserted that because the roster was contraband, it was prepared for use by the gang, and not for prison officials.  Such a record supports the conclusion that the hearing and the verdict comported with the requirements of due process as established by *Hill* and *Zimmerlee*.

As to (B), petitioner has not shown that nondisclosure of a copy of the roster itself violated his right to due process.  As stated above, the existence and reliability of the information was affirmed through testimony, and the hearing officer's examination of the evidence.  The nondisclosure of information deemed confidential is often necessary to meet prison safety concerns, and has been found constitutional, provided that there are, as here, indicia of reliability.  *See Zimmerlee*, 831 F.2d at 186 (if the information relied upon by the disciplinary committee are the statements of an unidentified informant, due process requires that the record contain some factual information from which the committee can reasonably conclude that the information was reliable and a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name.)

No. C 10-1583 RS (PR)
ORDER DENYING PETITION

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Petitioner contends that case law supports his contention that the roster is unreliable.

2  (Trav. at 9–11.)  The two most relevant cases petitioner cites, *Cato v. Rushen*, 824 F.2d 703

3  (9th Cir. 1987) and *Lira v. Cate*, No. 00-00905, 2010 WL 727979 (Feb. 26, 2010 N.D. Cal.),

4  are not on all fours with the facts of the instant matter.  In *Cato*, the Ninth Circuit concluded

5  that the informant evidence adduced to justify placing the plaintiff in administrative

6  segregation did not meet *Hill*'s some evidence standard because it was uncorroborated and

7  unreliable.  Specifically, the informant had no first-hand knowledge of the plaintiff's possible

8  involvement in an alleged plan to take hostages, and the reliability of another informant's

9  information was undercut heavily by the results of a polygraph test, which indicated

10  deception on the informant's part.  *Cato*, 824 F.2d at 704–05.  In *Lira*, the district court

11  concluded that the plaintiff's inclusion on a "laundry list" of gang members given by an

12  informant to a correctional officer as part of debriefing did not meet the *Hill* standard.  (In

13  this context, "laundry list" refers to "the list at the end of a debriefing report in which a

14  debriefing inmate simply names inmates that are associated with the gang and provides their

15  rank.")[1]  The district court concluded that (1) there was no attempt to corroborate this

16  information, and (2) there was no way to determine when such lists were compiled or by

17  whom, as such lists are passed around within the prison system from gang member to gang

18  member.  Expanding on this second point, the district court, relying on *Cate*, held that:

19
20
21
22
> The Ninth Circuit has recognized in a similar context that an inmate statement
> relayed to correctional officials by a confidential informant with no firsthand
> knowledge of the statement was insufficient to constitute "some evidence"
> supporting gang validation.  *See Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.
> 1987).  Here, there was no independent assessment or corroboration of
> plaintiff's inclusion on the laundry list, and thus this piece of evidence is
> inherently unreliable.

23  *Lira v. Cate*, No. 00-00905 (N.D. Cal. Sept. 30, 2009), Docket No. 456 at 46.

24    These cases are inapposite to the claims presented in the instant matter.  Here, the

25  roster's reliability is reasonably based on the fact that it was seized as contraband, and

26  therefore was not prepared by an informant for correctional officers as part of a debriefing, as

27

28    [1] *Lira v. Cate*, No. 00-00905 (N.D. Cal. Sept. 30, 2009), Docket No. 456 at 6 n.4.

United States District Court
For the Northern District of California

1    was the situation in *Lira*, and suspect thereby because it was an attempt to curry favor with

2    prison officials.  It can reasonably be inferred from the circumstances surrounding the seizure

3    of the document that it was prepared secretly and for use by gang affiliates.  With the roster's

4    reliability established, petitioner's name appearing on the list does constitute some evidence

5    of gang affiliation and promotion.  Unlike the information at issue in *Cato*, here it was based

6    on first-hand knowledge obtained from the listed inmates themselves, according to the

7    testimony of correctional officers.  On such a record, petitioner's claim is DENIED.

8           **II.    Procedural Due Process**

9           Petitioner's assertion that he was denied procedural due process is in truth a reiteration

10   of his claim regarding the nondisclosure of the roster.  (Pet. at 6(b).)  As such, it must be

11   DENIED.  Furthermore, even if petitioner had adequately stated a claim for procedural due

12   process, the record reflects that he was afforded all procedural process due under the

13   Constitution.  There are five procedural requirements of due process for prison disciplinary

14   proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  First, "written notice of the

15   charges must be given to the disciplinary-action defendant in order to inform him of the

16   charges and to enable him to marshal the facts and prepare a defense." *Id.* at 564.  Second,

17   "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the

18   inmate to prepare for the appearance before the [disciplinary committee]." *Id.*  Third, "there

19   must be a 'written statement by the factfinders as to the evidence relied on and reasons' for

20   the disciplinary action." *Id.*  Fourth, "the inmate facing disciplinary proceedings should be

21   allowed to call witnesses and present documentary evidence in his defense when permitting

22   him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at

23   566.  Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues

24   makes it unlikely that the inmate will be able to collect and present the evidence necessary

25   for an adequate comprehension of the case, he should be free to seek the aid of a fellow

26   inmate, or . . .to have adequate substitute aid . . . from the staff or from a[n] . . . inmate

27   designated by the staff." *Id.* at 570.

28

Petitioner admits that he received notice of and attended the hearing, and was there afforded the opportunity to respond to the charges, and present a defense. (Pet. at 6ff.) Also, the record demonstrates that petitioner received all procedural protections due to him. Petitioner's assertion that the notice he was given as to the nature and evidence of the charges was contrary to that presented at the hearing, Trav. at 11–12, is not supported by the record or petitioner's own statements. Accordingly, the claim is DENIED.

### III.   Testimony

Petitioner contends that the testimony of the correctional officers at the hearing was racially discriminatory in violation of his right to equal protection. (Pet. at 6(c).) The Equal Protection Clause of the Fourteenth Amendment prohibits the arbitrary and unequal application of state law. Petitioner has not shown that the process or the decision resulting from that process violated his right to equal protection. Rather, his allegations are conclusory. The mere fact that race was mentioned during the process does not, without more, constitute a claim for an equal protection violation. Race was appropriately, and incidentally, mentioned at the hearing as it was alleged that petitioner was a member of the Northern Hispanic gang.

Petitioner's citations to case law, Trav. at 14–16, do not support his claim. In one such case, *Richardson v. Runnels*, 594 F.3d 666 (9th Cir. 2010), the Ninth Circuit reversed a district court's granting of summary judgment in favor of defendants on an equal protection racial discrimination claim. The judicial decision was based on evidence that prison officials had admittedly made a race-based decision to "lock-down" all black persons in a prison because of their race in that such persons were creating a security risk. *Id.* at 671. In the instant matter, the discussion of "Northern Hispanics" at the disciplinary hearing had to do with the name of gang, not with a broad racial category. In *Johnson v. California*, 543 U.S. 499 (2005), petitioner cites solely to a dissenting opinion, which does not present binding authority as to his equal protection claim. Based on the foregoing, petitioner's claim is DENIED.

**CONCLUSION**

The state court's adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.

**IT IS SO ORDERED**.

DATED: November 22, 2010

_____
RICHARD SEEBORG
United States District Judge